# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:19-CV-00192-FDW

| | |
|---|---|
| SANDRA P. WILLIAMS, **Plaintiff,** v. ANDREW M. SAUL, **Defendant.** | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. No. 17). Defendant neither supports nor opposes Plaintiff's Motion. (Doc. No. 18).

**I. BACKGROUND**

Plaintiff Sandra Williams filed a Complaint on June 14, 2019, seeking judicial review of a Social Security Administration decision. (Doc. No. 1). On December 2, 2019, the Commissioner filed a Consent Motion seeking remand to the agency, which the Court granted. (Doc. Nos. 9, 10). On May 15, 2020, the Court awarded Plaintiff attorney fees in the amount of $3,500 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

In May 2021, Plaintiff received Notice from the Social Security Administration, informing her that she is entitled to disability benefits beginning in March 2015 through May 2021. (Doc. No. 17-3). The Social Security Administration withheld $18,226.38 from Plaintiff's past due benefits to pay attorney fees. Id. at p. 5. Plaintiff filed the pending Motion for $8,226.38 in attorney fess under 42 U.S.C. § 406(b). (Doc. No. 17-1, p. 3). Upon award of this amount, Plaintiff's counsel agrees to reimburse the previously-awarded $3,500 EAJA fee to Plaintiff. Id.

1

## II. DISCUSSION

The Social Security Act provides that a "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). As noted by the Fourth Circuit:

> § 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel . . .
>
> As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits . . . § 406(b) simply instructs a court to review the agreement for reasonableness.

Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (internal citations and quotations omitted). In evaluating a fee for reasonableness, a court can look towards "the time spent and work performed by counsel, . . . the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." Id. at 428. However, if a court has already awarded attorney fees under the EAJA, counsel representing the claimant must refund to the claimant the smaller of the fees. See, e.g., Stephens v. Astrue, 565 F.3d 121, 135 (4th Cir. 2009).

Here, Plaintiff and her counsel entered into a contingency fee agreement and Plaintiff agreed to pay twenty-five percent (25%) of past due benefits to her counsel. (Doc. No. 17-2). The Court finds that the fee requested by Plaintiff's counsel, $8,226.38, falls significantly below the amount withheld by Social Security representing twenty-five percent of past due benefits for attorney fees, $18,226.38. Further, notwithstanding the fact that Defendant consented to a remand, Plaintiff's counsel nevertheless secured a remand, which later resulted in a substantial award of benefits to the claimant. For these reasons, the Court finds that the requested fee is reasonable.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees under § 406(b) is GRANTED, (Doc. No. 17), and an award of attorney's fees in the amount of $8,226.38 is hereby approved pursuant to 42 U.S.C. § 406(b). IT IS FURTHER ORDERED that upon receipt of the above fee, Plaintiff's counsel will return to Plaintiff the sum of $3,500, representing the fee counsel had previously received pursuant to the EAJA.

IT IS SO ORDERED.

Signed: July 7, 2021

Frank D. Whitney
United States District Judge